**153**

UNITED STATES, Appellee

v.

Ronald K. BARBER, Private, U.S. Marine Corps, Appellant.

No. 35,315.

NCM 77–1469.

United States Court of Military Appeals.

Dec. 26, 1979.

For Appellant: Lieutenant Philip G. Cohen, JAGC, USNR (on brief).

For Appellee: Lieutenant Commander N. P. DeCarlo, JAGC, USN, Lieutenant Steven D. Moore, JAGC, USNR (on brief).

*Opinion*

COOK, Judge:

As a "restrainee" at the Correctional Custody Facility, Camp Hansen, Okinawa, the accused had certain differences with noncommissioned personnel at the facility. These led to three specifications of misconduct, in violation of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891. The specifications were referred to a special court-martial for trial. Pursuant to accused's request, a bench trial was had. The judge convicted the accused of one specification alleging willful disobedience of an order, but acquitted him of another. The remaining specification alleged that the accused was "disrespectful in language" toward a noncommissioned officer who was then in the execution of his office. The judge also convicted the accused of this offense, but substituted for the language alleged the words, "if you have something to say about me, say it to my face."

Appellate defense counsel contends that the words found, which were admitted by the accused at trial, are, by themselves "neutral," and, therefore, in the absence of other findings of fact importing disrespect are insufficient to support conviction of the charge. *See United States v. Sutton,* 48 C.M.R. 609 (A.C.M.R.1974), *pet. denied,* 23 U.S.C.M.A. 613 (1974); *United States v. Klein,* 42 C.M.R. 671 (A.C.M.R.1970); *United States v. Woltmann,* 22 C.M.R. 737 (C.G. B.R.1956).

Some words are explicit as to their meaning and intention; others require interpretation. *See United States v. Harvey,* 19 U.S.C.M.A. 539, 543–44, 42 C.M.R. 141, 145–

46 (1970). I agree with government counsel that the judge, as trier of the facts, could reasonably conclude that the statement made by that accused was disrespectful on its face. The words imply not only a rebuke for past conduct not stated to be unlawful, but a demand that future performance of even official duty conform to a standard imposed by the accused, notwithstanding that the person addressed was a superior noncommissioned officer in the execution of his office. Consequently, I discern no merit in the accused's contention.

The decision of the United States Navy Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

The words used at the time of the incident, as found in the evidence, are disrespectful. I do not understand why the judge chose to change the actual words. I believe this was in error. The evidence supporting the charge is sufficient to overcome this error, and no substantial rights of the appellant were materially prejudiced.